Paul W. Aitkenhead et al. *v.* Borough of West View et al. West View Water Authority et al., Appellants.

Submitted to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DiSALLE, CRAIG and MACPHAIL.

*Jerome Mansmann; Fred E. Baxter, Jr.; McVerry, Baxter & Mansmann; John Remington Graham; Frank O. Walther; Floyd V. Winner,* for appellants.

*Michael S. Alushin,* Assistant Attorney General, for Department of Environmental Resources.

*Samuel G. Weiss, Jr.,* for Paul W. Aitkenhead.

MEMORANDUM OPINION BY PRESIDENT JUDGE BOWMAN, February 21, 1979:

This is an appeal from an order of Judge JOHN P. FLAHERTY, JR. of the Court of Common Pleas of Allegheny County dated November 16, 1978 preliminarily ·enjoining the fluoridation of water treated at the West View Water Authority's Neville Island facility. The preliminary decree states in part ''. . . Said prohibition shall remain in effect until this Court holds a final hearing upon this matter, or the matter is submitted to, considered by and dealt with by the Pennsylvania Department of Environmental Resources, taking into account the evidence submitted to this Court.'' By order of this Court dated November 29, 1978, the preliminary injunction was superseded pending disposition of the appeal.

Appellees have filed a motion to dismiss the appeal for mootness on the ground that on or about January 10, 1979, the Department of Environmental Resources denied appellants permission to discontinue fluoridation and ordered that fluoridation continue. Appellees, in their motion, ''concede and specifically stipulate that the condition of the aforementioned de-

cree dated November 16, 1978 requiring review by the Pennsylvania Department of Environmental Resources has been satisfied and the fluoridation prohibition ordered by Judge FLAHERTY is now of no effect i.e., appellants are free to continue fluoridation of the municipal water supply.''

Appellants have filed an answer to the motion to dismiss which represents that ''appellants join with appellees in stipulating that the conditional preliminary decree has been satisfied by the review and ruling of DER and is of no further effect.''

While we question appellees' characterization of the order as ''requiring'' review by DER, we agree with the parties that the preliminary injunction has been dissolved by virtue of DER's action. By its own terms, the preliminary decree was to remain in effect until the occurrence of one of two conditions subsequent. As one of the conditions occurred, the preliminary injunction dissolved and is no longer ''in effect.''

As the order appealed from is no longer in effect, and the parties so concede, it would appear that this appeal should be dismissed for mootness. Unfortunately, the resolution of this facially simple question is immersed in complexity. Able counsel for appellants argue that we should not dismiss this appeal as moot because there is raised in this appeal a question of the lower court's jurisdiction to issue the preliminary injunction. Invoking the Act of March 5, 1925, P.L. 23, 12 P.S. §672, appellants assert that the chancellor below has decided a question of jurisdiction and that without review of the question of the lower court's jurisdiction, appellants (defendants below) face the possibility of having to defend against the request for the final injunction, when, in appellants' opinion, the court lacks jurisdiction. Regardless of whether or not this appeal is premised upon

the Act of February 14, 1886, 12 P.S. §1101 or upon the Act of 1925, as the preliminary injunction is no longer in effect, the appeal therefrom is moot.

We disagree with appellants that the Act of 1925 affords a basis for this appeal. Our disagreement is not with the fact that appellants have raised a question of the jurisdiction of the court below, but is with appellants' conclusion that that court has ruled on its jurisdiction. Appellants point to language in the chancellor's *opinion in support of his preliminary decree* to the effect that appellants' preliminary objections as to jurisdiction are without merit. In this case, the Judge below was sitting as a chancellor in equity. Appellees (plaintiffs below) sought and the chancellor conducted a hearing on preliminary injunction. Appellants interposed preliminary objections raising a question of jurisdiction. The chancellor quite properly considered the jurisdictional question incident to his ruling on the motion for preliminary injunction. This he was bound to do. *West Penn Power Company v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975).

However, neither the chancellor nor the Court of Common Pleas of Allegheny County has overruled appellants' preliminary objections.

We do not believe the conclusion which we reach here is at variance with the Supreme Court's decision in *West Penn Power Company.* In that case the Supreme Court appears to suggest that the grant of a preliminary injunction is an implicit rejection of a preliminary objection attacking the court's jurisdiction. Rather, we believe that *West Penn Power Company* imposes an additional standard which must be met before a chancellor may issue a preliminary injunction. That is, when a plaintiff files a complaint in equity and also seeks preliminary injunctive relief, and the defendant interposes preliminary objections raising a question of jurisdiction, the chancellor must

make a threshold inquiry into whether he believes the court has jurisdiction over the cause of action asserted. If the chancellor is of the view that the challenge to the court's jurisdiction lacks merit, and if the other prerequisites for the issuance of a preliminary injunction are met, the preliminary injunction may then issue. If, on the other hand, the chancellor has serious doubt as to the court's jurisdiction, he may deny the requested preliminary injunction on that basis alone. It is self-evident that if the chancellor has a serious doubt as to the court's jurisdiction, a doubt would exist as to the probability of success on the merits of plaintiff's claim for final injunctive relief, thereby precluding the issuance of a preliminary injunction.

Therefore, when a chancellor issues a preliminary injunction in the face of outstanding preliminary objections raising a question of jurisdiction, the chancellor, either explicitly or implicitly has concluded that the court has jurisdiction to issue a *preliminary injunction*. The preliminary objections have been considered by the chancellor only for the purpose of determining whether or not a preliminary injunction should issue. The chancellor's conclusion is not a final determination for the Court of its jurisdiction and therefore can not bring into play the operation of the Act of 1925.

As appellants' preliminary objections have *not* been overruled by the court below, but have been considered by the chancellor only in relation to whether or not a preliminary injunction should issue, the Act of 1925 does not afford a basis for appeal. As we are of the view that the appeal, to the extent that it is premised upon the Act of February 14, 1886, is moot as the preliminary injunction appealed from is no longer in effect, and there being no other independent authority for the taking of this appeal, we will enter an order quashing the appeal.

### ORDER

Now, February 21, 1979, upon consideration of appellees' motion to dismiss and appellants' answer thereto, said motion is granted and the above appeal is dismissed. The record in this appeal shall be remanded to the Court of Common Pleas of Allegheny County for further proceedings consistent with this opinion. The court shall hear and decide appellants' preliminary objections prior to any hearing on final injunction.

The Chief Clerk shall mail copies of this Memorandum Opinion and Order to Judge JOHN P. FLAHERTY, JR. and to counsel of record.