**VILLAGE CHARTER SCHOOL,**
**Petitioner,**

**v.**

**CHESTER UPLAND SCHOOL DISTRICT; Board of Control, Chester Upland School District; and Charles B. Zogby, Secretary of the Department of Education, Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2002.

Decided Dec. 16, 2002.

Reconsideration/Reargument En Banc Denied Jan. 15, 2003.

Kevin M. McKenna, Malvern, for petitioner.

Karen S. Feuchtenberger, Harrisburg, for respondent, C. Zogby.

Leo A. Hackett, Media, for respondent, Chester Upland School District and Board of Control.

BEFORE: SMITH–RIBNER, Judge, and COHN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

The Chester Upland School District (School District) and the Board of Control of the School District (Board of Control) have filed preliminary objections to the amended "complaint" of the Village Charter School (Village), which is treated as an amended petition for review filed in our original jurisdiction. We sustain the preliminary objections and dismiss Village's action.

On June 13, 2002, Village commenced the instant action against the School District, the Board of Control and the Secretary of the Department of Education (Secretary) invoking original jurisdiction of this Court. To support its action, Village alleged as follows in the amended petition for review. Village was established in December 1997 under a charter granted by the Board of School directors. Village is a nonprofit, independent public school located in the School District. Currently, 664 students are enrolled in the pre-kindergarten through the twelfth grade, and 619 students are residents of the School District. The Board of Control is responsible for the operation and affairs of the School District.

Pursuant to Section 1725–A(a) of the Charter School Law (Law), Act of March 10, 1949, P.L. 30, *as amended,* added by Section 1 of the Act of June 19, 1997, P.L. 225, 24 P.S. § 17–1725–A(a), the School District is required to provide funding for Village's operation. Section 1725–A(a)(5) of the Law provides:

Payments shall be made to the charter school in twelve (12) equal monthly payments, by the fifth day of each month, within the operating school year. A student enrolled in a charter school shall be included in the average daily membership of the student's district of residence for the purpose of providing basic education funding payments and special education funding. . . . If a school district fails to make a payment to a charter school as prescribed in this clause, the secretary shall deduct the amount, as documented by the charter school, from any and all State payments made to the district after receipt of documentation from the charter school.

On June 5, 2002, Village received from the School District a check in the amount of $173,512.18, which was only one half of $347,024.38 allocated to Village for the month of June 2002. After informing the School District of its failure to pay the full amount due on June 5, 2002, Village on June 6, 2002 sent the Secretary a letter requesting that the unpaid amount of the funding for June 2002 be deducted from the state education subsidies for the School District and that the deducted amount be directly remitted to Village. Village also submitted documents supporting its request to the Secretary.

Based on these allegations, Village sought (1) judgment declaring that the School District, the Board of Control and the Secretary have obligations under Section 1725–A(a) of the Law to provide the funding for Village's operation (Counts I and II); (2) injunctive relief enjoining them from failing to provide the funding to Village (Counts III and IV); and (3) judgment in mandamus directing them to provide the funding to Village in the current and following school years (Counts V and VI).[1]

1. Village also filed an application for preliminary injunction with the complaint. After a hearing held on June 20, 2002, the judge authoring this opinion granted Village's application and ordered the School District and the Board of Control to continue to provide the required funding to Village pending this Court's disposition of Village's action. The

The Secretary filed a timely answer to the amended petition for review, asserting that the relief sought by Village against the Secretary should be denied. The School District and the Board of Control thereafter filed the preliminary objections to the amended petition for review raising, *inter alia*, (1) lack of this Court's original jurisdiction over the School District and the Board of Control, and (2) Village's failure to exhaust administrative remedies available under Section 1725–A(a)(5) of the Law.[2]

■ Before addressing the merits of the preliminary objections, we must address Village's contention that the preliminary objections are time-barred for failure to file within twenty days after service of the amended petition for review, as required by Rule 1026(a) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1026(a). The twenty-day time period under Pa. R.C.P. No. 1026(a) is, however, inapplicable to this action filed in our original jurisdiction. Pa. R.A.P. 1516(c) provides that "[e]very pleading subsequent to the petition for review shall be filed within 30 days after service of the preceding pleading." Therefore, the amended petition for review filed twenty-six days after the service of the amended petition for review was timely.

■ Village further contends that the issues raised in the preliminary objections were already decided by the single judge during the preliminary injunction hearing and that reconsideration of those issues is, therefore, precluded by the law of the case doctrine, under which a court involved in the later phase of a litigation should not reopen questions decided by another judge of the same court in the earlier phase of the litigation. *Riccio v. American Republic Ins. Co.*, 550 Pa. 254, 705 A.2d 422 (1997).

Although the judge, who held the preliminary injunction hearing, commented on some of the issues raised in the preliminary objections of the School District and the Board of Control to the application for preliminary injunction, he did not rule on those issues during the hearing. He instead dismissed the preliminary objections, without prejudice, as improperly filed under Pa. R.C.P. No. 1028(a).

■ Even assuming that the single judge preliminarily decided the issues of lack of this Court's original jurisdiction and Village's failure to exhaust administrative remedies raised by the School District and the Board of Control by considering the application for preliminary injunction, the Court's consideration of those issues only for the purpose of deciding the application for preliminary injunction is not a final determination of the Court. *Aitkenhead v. Borough of West View Water Authority*, 40 Pa.Cmwlth. 547, 397 A.2d 878 (1979). Consequently, a panel of this

School District and the Board of Control appealed the order granting the preliminary injunction to the Pennsylvania Supreme Court. By a separate order dated June 20, 2002, the judge dismissed the School District's "preliminary objections" to the application for preliminary injunction without prejudice, as improperly filed under Rule 1028(a) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a), permitting preliminary objections only to pleadings, which do not include an application for preliminary injunction.

2. The School District and the Board of Control also raised the issues of lack of case and controversy regarding their obligation to provide the funding to Village in the future; no private cause of action under the Law; legal insufficiency of the pleading; and failure to join officials of the School District and the Board of Control as necessary parties. Because Village's action is dismissed for its failure to exhaust the administrative remedies, it is unnecessary to address these issues.

Court is not precluded from subsequently reconsidering those issues. Pa. R.A.P. 123(e); *Balfour Beatty Construction, Inc. v. Department of Transportation,* 783 A.2d 901 (Pa.Cmwlth.2001). Moreover, "whenever a court discovers that it lacks jurisdiction over the subject matter or the cause of action *it is compelled to dismiss the matter under all circumstances,* even where we erroneously decided the question in a prior ruling." *Hughes v. Pennsylvania State Police,* 152 Pa.Cmwlth. 409, 619 A.2d 390, 393 (1992), *appeal denied,* 536 Pa. 633, 637 A.2d 293 (1993) (emphasis in original).

Turning to the merits of the preliminary objections to the amended complaint, the School District and the Board of Control contend that they are political subdivisions, not Commonwealth agencies, and that Village's action against the School District and the Board of Control should be dismissed for lack of this Court's original jurisdiction under Section 931(a) of the Judicial Code, *as amended,* 42 Pa.C.S. § 931(a), which provides that "[e]xcept where exclusive original jurisdiction of an action or proceeding is ... vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings...." Village argues, on the other hand, that this Court has "ancillary jurisdiction" over the School District and the Board of Control in this action under Section 761(c) of the Judicial Code, *as amended,* 42 Pa.C.S. § 761(c),[3] because its claims against the School District, the Board of Control and the Secretary are all "inextricably intertwined." Village's Brief, p. 8.

Section 761(a) and (b) of the Judicial Code, *as amended,* 42 Pa.C.S. § 761(a) and (b), provides that this Court has exclusive original jurisdiction over all civil actions or proceedings "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity," except certain actions or proceedings inapplicable to this matter. Under Section 761(a) and (b) of the Judicial Code, therefore, this Court has exclusive original jurisdiction over the Secretary as an officer of the Commonwealth.

▪▪▪ It is well established that merely naming the Commonwealth or its officers in an action does not conclusively establish original jurisdiction of this Court. *Pennsylvania State Education Ass'n v. Department of Education,* 101 Pa.Cmwlth. 497, 516 A.2d 1308 (1986). Further, a joinder of a Commonwealth party who are only tangentially involved is improper. *Id.* Only when the Commonwealth party is an indispensable party in an action, this Court has original jurisdiction against the Commonwealth party and the non-Commonwealth party. *Annenberg v. Commonwealth,* 686 A.2d 1380 (Pa.Cmwlth.1996).

▪▪▪ In general, an indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Pennsylvania School Boards Ass'n v. Commonwealth Ass'n of School Administrators, Teamsters Local 502,* 696 A.2d 859 (Pa.Cmwlth.1997), *appeal dismissed,* 550 Pa. 228, 704 A.2d 631 (1998). Section 7540(a) of the Declaratory Judgments Act, 42 Pa.C.S. § 7540(a), similarly describes the concept of an indispensable party: "When declaratory relief is sought, all persons shall be made parties who have

---

**3.** Section 761(c) provides in relevant part that "[t]o the extent prescribed by the general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction."

or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

■ In this matter, Village's claims under the Law against the School District, the Board of Control and the Secretary are factually and procedurally interrelated. Under Section 1725–A(a)(5) of the Law, the school districts must make twelve equal monthly payments of the funds allocated pursuant to the formula set forth in Section 1725–A(a) by the fifth day of each month. Upon the school districts' failure to make the required payments, the Secretary is required to withhold the unpaid amount of the funds from the state education subsidies for the school districts upon receiving supporting documentation from the charter schools.

In *Boyertown Area School District v. Department of Education*, 797 A.2d 421 (Pa.Cmwlth.2002), this Court held that the Secretary's decision to withhold the funds for the charter schools from the state education subsidies constitutes an adjudication under Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, and that the Secretary, therefore, must provide the school districts notice and an opportunity to be heard before withholding the funds. After the commencement of the instant action, the Legislature amended Section 1725–A(a)(5) of the Law, to be effective July 1, 2002, to require the Secretary to deduct the "estimated" amount of nonpayment as documented by the charter schools. In addition, Section 1725–A(a)(6) was added to permit the school districts to challenge, within thirty days, the accuracy of the payment made by the Secretary and require the Secretary to provide the school districts an opportunity to be heard.

■ As this Court previously held, the Commonwealth party may be declared an indispensable party if meaningful relief cannot conceivably be afforded without the Commonwealth party's direct involvement in the action. *Springdale Township v. Allegheny County Board of Property Assessment, Appeals & Review*, 78 Pa. Cmwlth. 100, 467 A.2d 74 (1983). The ultimate relief sought by Village in this action is payment of the funding required for its operation pursuant to the Law. Under the statutory mechanism for providing the charter school funding, the Secretary's involvement in this action is essential to the meaningful relief sought by Village. Therefore, the Secretary is an indispensable party in this action, and this Court accordingly has original jurisdiction over the School District, the Board of Control and the Secretary.

■ Although this Court has original jurisdiction in this matter, Village's action should be still dismissed for its failure to exhaust the available administrative remedies. Where the Legislature provides for mandatory and exclusive statutory remedies, the court is without power to act under the doctrine of exhaustion of administrative remedies, unless those remedies have been exhausted. *Terminato v. Pennsylvania National Ins. Co.*, 538 Pa. 60, 645 A.2d 1287 (1994). The doctrine of exhaustion of administrative remedies promotes the policy of maintaining the integrity of the administrative process. *Brog v. Department of Public Welfare*, 43 Pa. Cmwlth. 27, 401 A.2d 613 (1979). As the Pennsylvania Supreme Court explained:

When the Legislature has seen fit to enact a pervasive regulatory scheme and to establish a governmental agency possessing expertise and broad regulatory and remedial powers to administer that statutory scheme, a court should be reluctant to interfere in those matters and disputes which were intended by the

Legislature to be considered, at least initially, by the administrative agency. *Terminato*, 538 Pa. at 69, 645 A.2d at 1291 (quoting *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 5, 383 A.2d 791, 793 (1977)).

Under Section 1725–A(a)(5) of the Law, the school districts must provide allocated funds to the charter schools within their districts. When the school districts fail to do so, the Secretary is mandated to deduct the estimated amount of the unpaid funding from the state education subsidies for the school districts as documented by the charter schools. The Law does not provide for any other remedies for the charter schools. The statutory remedies for the charter schools provided in Section 1725–A(a)(5) are, therefore, mandatory and exclusive.

▅▅▅▅▅ Village contends, however, that the statutory remedies under Section 1725–A(a)(5) are inadequate and that it was therefore not required to exhaust those remedies. An administrative remedy is inadequate, if it does not allow for adjudication of the issues raised or allows irreparable harm to occur during the pursuit of the remedy. *Success Against All Odds v. Department of Public Welfare*, 700 A.2d 1340 (Pa.Cmwlth.1997).

To support its argument that the remedies under Section 1725–A(a)(5) are inadequate, Village asserts that the Secretary failed to immediately withhold the unpaid funds from the state education subsidies and remit them to Village after its request made on June 6, 2002.

Section 1725–A(a)(5), however, does not set forth any time limitation, within which the Secretary must act on the charter school's request. Village in this matter notified the Secretary on June 6, 2002 of the School District's failure to pay the full monthly payment of the funding due on June 5, 2002, submitted the supporting documents and requested the deduction of the unpaid funds from the state education subsidies. Village was then informed by the Secretary that the earliest date the payment could be made to Village after processing the request was June 27, 2002.[4] Without exhausting the exclusive and mandatory administrative remedies available under Section 1725–A(a)(5) by giving the Secretary time to process its request, Village commenced the instant action on June 13, 2002, demanding immediate payment of the funds by the Secretary. Because Village failed to exhaust the available administrative remedies, this Court lacks jurisdiction to entertain an action either in law or in equity. *Brog*.[5]

Hence, the preliminary objections to the amended petition for review raising the issue of lack of this Court's original jurisdiction are overruled. The preliminary objections raising the issue of Village's failure to exhaust the administrative remedies are sustained, and Village's action is accordingly dismissed.

### ORDER

AND NOW, this 16th day of December, 2002, the preliminary objections of the Chester Upland School District and the Board of Control of the Chester Upland

---

4. During argument, counsel for the Secretary stated that the charter schools are usually paid within thirty days after requests are made.

5. After filing the answer to the amended petition for review, the Secretary raised the issue of Village's failure to exhaust administrative remedies in his response to the preliminary objections of the School District and the Board of Control. Because we conclude that this Court lacks jurisdiction over this action due to Village's failure to exhaust administrative remedies, we will dismiss the action against the Secretary as well.

School District to the amended petition for review of the Village Charter School raising the issue of lack of this Court's original jurisdiction are overruled. The preliminary objections raising the issue of Village's failure to exhaust the administrative remedies are sustained, and Village's action is hereby dismissed.