# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Warren,            :
         Petitioner       :
                                   :
       v.                     :
                                   :
State Ethics Commission,      :    No. 92 M.D. 2018
         Respondent    :    Submitted: July 27, 2018

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                           FILED: November 15, 2018

Daniel Warren (Warren), *pro se*, petitions this Court in its original jurisdiction seeking attorney fees, litigation costs and a civil penalty from the State Ethics Commission (Commission)[1] under the Right-to-Know Law (RTKL) for making "false statements" and concealing "material facts" when the Commission allegedly failed to produce a document requested by Warren. The Commission filed preliminary objections to Warren's petition pursuant to Pennsylvania Rule of Appellate Procedure 1516(b). After review, we conclude that Warren failed to follow the process provided by the RTKL to invoke this Court's jurisdiction to consider his claim. Accordingly, we dismiss Warren's petition for review and the Commission's preliminary objections as moot.

---

[1] The Commission is an independent agency of the Commonwealth of Pennsylvania established by the Public Official and Employee Ethics Act, 65 Pa. C.S. §§ 1101 - 1113. As an independent agency, the Commission is a "Commonwealth agency" as provided in Section 102 of the Right-to-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. § 67.102.

On February 23, 2018, Warren filed with this Court a "Petition for Review for Sacntions [sic]" (Petition) requesting attorney fees and litigation costs in the amount of $26,785.52 and a $1,500 civil penalty against the Commission for "bad faith and fraud." Petition ¶¶ 10-11 & Wherefore Clause at 2-3. Warren alleges that on September 25, 2017, he requested from the Commission "a copy of the oath of office for Robert P. Caruso" filed with the Secretary of the Commonwealth. Petition ¶ 2, Exhibit (Ex.) A. On October 2, 2017, the Commission responded to Warren's request explaining that the oath is not required to be filed and "as such, do[es] not exist." Petition ¶ 3, Ex. B. After receiving this response, Warren alleges that he filed a civil action in the Dauphin County Court of Common Pleas[2] and, through preliminary objections filed in that proceeding, obtained a copy of the oath that the Commission had previously represented to him did not exist. Petition ¶¶ 5-6.

In his Petition, Warren alleges that the Commission made an "intentional misrepresentation" when it responded to his record request stating that the oath did not exist. *Id.* ¶ 9. Warren alleges that the "misrepresentation" caused him to "forego" an "appeal," though his Petition does not specify what appeal. *Id.* ¶ 4. Subsequently, the Commission filed preliminary objections to Warren's Petition

---

[2] Warren provides no information regarding this civil action other than that he filed it with the "Dauphin County Court of Common Pleas." Petition ¶ 5. Warren does not identify the parties to that proceeding, the substance of the proceeding or even the docket number. The Commission attached to its preliminary objections a copy of a "Writ of Quo Warranto" filed on October 27, 2017 in the Dauphin County Court of Common Pleas that Warren filed against Robert P. Caruso. Preliminary Objections ¶ 6, Ex. B. In the Writ of Quo Warranto, Warren alleges that "Caruso has refused to take the oath," acknowledges that the oath is not required and "does not exist," and alleges that Caruso is illegally and unlawfully serving as executive director of the Commission. Preliminary Objections, Ex. B, ¶¶ 10, 15 & 17. The Commission also asserts that Warren has filed more than 13 petitions for review against it, including this Petition. Preliminary Objections ¶ 20. Because Warren provides no detail as to the civil suit he references, it is unknown as to whether the Writ of Quo Warranto action that the Commission provided is the action to which Warren refers.

under the RTKL asserting that the Petition was untimely and that Warren failed to state a claim to support an award of attorney fees, litigation costs, and the imposition of a civil penalty. Upon review of the Petition and the Commission's preliminary objections, we conclude that Warren has failed to allege facts showing that he followed the procedures provided by the RTKL to support his statement of jurisdiction. *See Muir v. Alexander*, 858 A.2d 653, 660 (Pa. Cmwlth. 2004) ("[a]s a jurisdictional defect, the failure to pursue a statutory remedy may be raised by the court *sua sponte*").

In his Petition, Warren alleges that this Court has "jurisdiction" over this matter pursuant to Chapter 13 of the RTKL, specifically, Sections 1301(a), 1304 and 1305 of the RTKL, 65 P.S. §§ 67.1301(a), 67.1304 & 67.1305. Petition ¶ 1. To ascertain whether Warren's reliance on these provisions to invoke our jurisdiction is appropriate, a review of these sections explaining the process to obtain judicial review under Chapter 13 is necessary.

Section 1301(a) provides:

> Within 30 days of the mailing date *of the final determination of the appeals officer* relating to a decision of a Commonwealth agency . . . *or* the date a request for access is *deemed denied*, a requester . . . may file a petition for review or other document as might be required by rule of court with the Commonwealth Court.

65 P.S. § 67.1301(a) (emphasis added). As stated plainly by Section 1301(a), to obtain judicial review a requester must have a "final determination" or a "deemed" denial of a request from an "appeals officer." *See id.* To obtain a "final determination" or "deemed" denial from an "appeals officer," a requester must

3

appeal the Commonwealth agency's decision to deny access to the requested record.[3] Warren alleges that the Commission denied him access to the requested record, the oath, because it "did not exist," Petition ¶ 3, and attaches a copy of the denial by the Commission's "Open Records Officer" in support. *Id*., Ex. B. However, Warren did not follow the procedures set forth in the RTKL, an appeal to the Office of Open Records (OOR), which is a prerequisite to obtaining judicial review of the Commission's denial.

The RTKL provides that, after receiving a written denial from a Commonwealth agency of a request for access to a record, a requester may file an appeal with the OOR within 15 business days of the mailing date of the agency's response. Section 1101(a) of the RTKL, 65 P.S. § 67.1101(a). The OOR "shall assign an appeals officer to review the denial." Section 1101(a)(2) of the RTKL, 65 P.S. § 67.1101(a)(2). The OOR appeals officer "shall make a final determination which shall be mailed to the requester and the agency within 30 days of receipt of the appeal[,]" Section 1101(b)(1) of the RTKL, 65 P.S. § 67.1101(b)(1), and "[i]f the appeals officer fails to issue a final determination within 30 days, the appeal is deemed denied." Section 1101(b)(2) of the RTKL, 65 P.S. § 67.1101(b)(2). After the OOR appeals officer renders a "final determination" or the request for access is "deemed denied," a requester may seek judicial review by petitioning this Court as provided in Section 1301(a). When considering a petition filed under Section 1301(a), the record before the Court "*shall* consist of the request, the agency's

---

[3] The RTKL provides that the "open-records officer" for an agency must review the request as directed in Section 902 of the RTKL, 65 P.S. § 67.902, and, if after review of the request, an agency decides to deny access to the record, the "denial shall be issued in writing" and shall include, in relevant part, the reasons for the denial as provided in Section 903 of the RTKL, 65 P.S. § 67.903.

response, *the appeal filed under section 1101*, the hearing transcript, if any, and *the final written determination of the appeals officer.*" Section 1303(b) of the RTKL, 65 P.S. § 67.1303(b) (emphasis added).

Additionally, the RTKL provides that this Court, as a Chapter 13 court,[4] "may award attorneys' fees to or impose sanctions upon requesters or civil penalties upon agencies after the court has made relevant factual findings supporting such awards, sanctions, or penalties." *Bowling v. Office of Open Records*, 75 A.3d 453, 458 (Pa. 2013) (emphasis deleted). Section 1304(a) provides that "[i]f a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation . . . to a requester" if the court finds either that the agency acted in bad faith or that the agency did not rely on a reasonable interpretation of law as set forth therein. 65 P.S. § 67.1304(a). Section 1304(b) allows the court to award reasonable attorney fees and litigation costs to an agency or the requester if it finds that the legal challenge was frivolous, and Section 1305(c) allows the court to impose penalties and costs per the applicable rules of court. 65 P.S. §§ 67.1304(b) & 67.1305(c). Section 1305(a) of the RTKL enables the court to "impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a).

For this Court to be able to consider Warren's request for attorney fees, litigation costs or civil penalties, we must have before us a final determination issued

---

[4] In *Bowling v. Office of Open Records,* 75 A.3d 453 (Pa. 2013), our Supreme Court explained that decisions of OOR appeals officers are reviewable upon petitions for review to the Commonwealth Court when the matter arises from a determination made by a Commonwealth agency, or to the court of common pleas when the matter arises from a determination made by a local agency. *Id.* at 458. The term "Chapter 13 courts" was used by our Supreme Court to explain the duties of the courts referenced in Chapter 13 of the RTKL. *Id.*

by an OOR appeals officer to review. This Court's statutory duty to make relevant factual findings and legal conclusions to support a request for attorney fees, litigation costs and civil penalties does not arise until such a final determination has been made. *See* 65 P.S. §§ 67.1304 & 67.1305. Here, Warren fails to allege that he obtained a "final determination" from an OOR appeals officer or a "deemed deni[al]" for this Court to review. Because Warren did not follow the process provided by the RTKL to obtain a final determination by the OOR or a deemed denial, we have no jurisdiction under Chapter 13 to consider his Petition or request for relief. 1 Pa. C.S. § 1504 ("[i]n all cases where . . . anything is directed to be done by any statute, the directions of the statute *shall* be strictly pursued . . . .") (emphasis added); *Vill. Charter Sch. v. Chester Upland Sch. Dist.*, 813 A.2d 20, 26 (Pa. Cmwlth. 2003) ("[w]here the Legislature provides for mandatory and exclusive statutory remedies, the court is without power to act . . . unless those remedies have been exhausted").

Accordingly, Warren's Petition is dismissed for lack of jurisdiction and the Commission's preliminary objections are moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Daniel Warren, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| State Ethics Commission, | : | No. 92 M.D. 2018 |
| Respondent | : | |

PER CURIAM

O R D E R

AND NOW, this 15th day of November, 2018, the Petition for Review filed by Daniel Warren is DISMISSED for lack of jurisdiction, and the State Ethics Commission's Preliminary Objections are moot.