J-S11034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YASSIN HAYTHAME MOHAMAD | : | |
| | : | |
| Appellant | : | No. 571 WDA 2020 |

Appeal from the PCRA Order Entered April 27, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000399-2007

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: APRIL 30, 2021**

Appellant, Yassin Haythame Mohamad, appeals from the April 27, 2020 order of the Court of Common Pleas of Fayette County (trial court) dismissing his petition for relief pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely without a hearing. Counsel for Appellant has filed an application to withdraw and a brief concluding that the appeal presents no issues of any arguable merit. Because the record shows that the trial court vacated the April 27, 2020 order before Appellant filed his appeal, we dismiss this appeal as moot and deny counsel's application to withdraw as moot.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

Appellant was convicted by a jury of two counts each of attempted homicide, aggravated assault, and simple assault arising from an altercation with corrections officers in 2006 at SCI-Fayette where he was serving prison sentences imposed in Philadelphia, Luzerne, and Cumberland Counties. *Commonwealth v. Mohamad*, 1480 WDA 2015, unpublished memorandum at 1-2 (Pa. Super. filed June 23, 2016). On December 14, 2007, the trial court sentenced Appellant to an aggregate term of imprisonment of 20 to 40 years, to be served consecutively to the sentences that he was already serving. *Id.* at 2.

Appellant filed a timely appeal from his judgment of sentence that was dismissed on April 9, 2008 for failure to file to file a docketing statement. Docket Entries at 10; *Mohamad*, 1480 WDA 2015 at 2. Appellant filed a timely first PCRA petition on February 5, 2009 and following an appeal from a denial of PCRA relief, his appeal rights were reinstated *nunc pro tunc* in 2015. *Mohamad*, 1480 WDA 2015 at 2-3; Docket Entries at 16. On June 23, 2016 this Court decided Appellant's direct appeal and affirmed the judgment of sentence. *Commonwealth v. Mohamad*, 153 A.3d 1117 (Pa. Super. 2016) (table). No petition for allowance of appeal was filed.

On February 4, 2020, Appellant, acting *pro se*, filed the instant PCRA petition. In this PCRA petition, Appellant asserted three grounds for relief: 1) a claim that the Commonwealth allegedly withheld a camera recording of the altercation between him and the corrections officers; 2) a claim of ineffective

assistance of his direct appeal counsel; and 3) a claim of newly discovered evidence of an inmate witness to the altercation. PCRA Petition at 3-4. On April 2, 2020, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's 2020 PCRA petition without a hearing as untimely. On April 27, 2020, the trial court entered an order noting that Appellant had failed to respond to the Rule 907 notice and dismissing the PCRA petition. Trial Court Order, 4/27/20.

On May 22, 2020 Appellant timely appealed the April 27, 2020 dismissal of his 2020 PCRA petition, *pro se*, to this Court. Docket Entries at 20. On June 25, 2020, this Court ordered the trial court to appoint counsel for Appellant or inform the Court why Appellant was not entitled to counsel. The trial court appointed counsel to represent Appellant, and in December 2020, counsel filed an application to withdraw and filed and served on Appellant an **Anders**[2] brief in which he concludes that there is no ground for reversal of the dismissal of Appellant's PCRA petition.

Ordinarily, we would first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted and if we found those requirements satisfied, we would proceed to conduct an independent review of the merits. We do not do so here, however, because it is clear from the face of the record

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

that the order that Appellant appealed was set aside and is not in effect and that this appeal must therefore be dismissed as moot.

Before the trial court issued its April 27, 2020 dismissal order, Appellant had requested an extension of time to respond to the Rule 907 notice, and that request was not received by the trial court until April 27, 2020, after it had entered the dismissal order. Appellant's Request for Extension of Time; Docket Entries at 19-20. On May 4, 2020, the trial court entered an order granting Appellant's request for an extension of time and ordering that

> this Court's Order of April 27, 2020, dismissing the Defendant's Petition for Post-Conviction Collateral Relief is SET ASIDE and shall be of no further force or effect.

Trial Court Order, 5/4/20. The trial court had jurisdiction to vacate the April 27, 2020 order dismissing Appellant's PCRA petition, as it entered this order less than 30 days after the April 27, 2020 order and Appellant's appeal had not been filed at that time. 42 Pa.C.S. § 5505. Thus, the dismissal of Appellant's PCRA petition that is the subject of this appeal is not in effect and Appellant's PCRA petition remains pending in the trial court.

Although neither party has raised or addressed this issue,[3] this Court may dismiss an appeal as moot *sua sponte*. ***M.B.S. v. W.E.***, 232 A.3d 922,

---

[3] The trial court, however, in an order that it issued in lieu of a Pa.R.A.P. 1925(a) opinion, did opine that this appeal should "be dismissed by reason of this Court's Order of May 4, 2020, in which we granted the Defendant's Request for Extension of Time, and set aside our Order of April 27, 2020." Trial Court Order, 6/9/20.

- 4 -

927 (Pa. Super. 2020); ***Utility Workers Union of America, Local 69 v. Public Utility Commission***, 859 A.2d 847, 849 (Pa. Cmwlth. 2004). "We may address mootness *sua sponte*, 'as we generally 'cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given.'" ***M.B.S.***, 232 A.3d at 927 (quoting ***E.B. v. D.B.***, 209 A.3d 451 (Pa. Super. 2019)). Because the order that is the subject of this appeal has been set aside and is no longer in effect, this appeal must be dismissed as moot. ***In re K.K.***, 957 A.2d 298, 302 (Pa. Super. 2008); ***Aitkenhead v. Borough of West View***, 397 A.2d 878, 880 (Pa. Cmwlth. 1979).

Accordingly, we dismiss Appellant's appeal as moot. Because this appeal is dismissed without consideration of the merits, it is unnecessary to address counsel's application to withdraw and that application is denied as moot.

Appeal dismissed. Application to withdraw as counsel denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2021

- 5 -