608 A.2d 595

**Robert FRANKHOUSER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 10, 1992.

Decided April 23, 1992.

444

Mitchell A. Kaufman, Appellate Counsel, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

This court originally reviewed this case in the context of the attempt of the Allegheny County Public Defender's office to withdraw as appointed counsel for Robert Frankhouser in *Frankhouser v. Pennsylvania Board of Probation and Parole,* 143 Pa.Commonwealth Ct. 80, 598 A.2d 607 (1991) (*Frankhouser I*). At that time, this court denied the petition for withdrawal and directed counsel to file a brief on behalf of Frankhouser addressing his appeal of the Pennsylvania Board of Probation and Parole's denial of administrative relief with regard to backtime.

The relevant facts are as follows. On April 9, 1987, the board paroled Frankhouser from a state correctional institu-

tion. State authorities arrested and charged him on January 31, 1989, with the theft and reception of stolen property (firearms). The state board filed a warrant to commit and detain on the same day. On October 5, 1989, the Mifflin County Common Pleas Court sentenced Frankhouser to three concurrent terms of 3½-to-7 years and gave him credit for the time served since January 31, 1989.

On January 18, 1990, the state board recommitted Frankhouser to a state correctional institution as a convicted parole violator to serve 24 months' backtime.

On August 10, 1990, Frankhouser pleaded guilty to a federal charge of possession of a firearm and tampering with a witness, and on November 8, 1990, the U.S. District Court for the Middle District of Pennsylvania sentenced Frankhouser to concurrent terms of imprisonment of 15 years and 5 years. The U.S. District Court recommended that the U.S. Bureau of Prisons (U.S. Bureau) designate the state correctional institution at Pittsburgh or any other state institution in which the defendant was confined to be the place of confinement of the federal sentence, thereby making the federal sentence concurrent with any state sentence the defendant was serving.

This court stated in *Frankhouser I* that § 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a), governs the order in which sentences and backtime are served. Backtime is served before the commencement of the new sentence in two instances: (1) When the parolee is paroled from a state institution and the new sentence is to be served in a state institution, and (2) when the parolee is paroled from a county institution and the new sentence is to be served in the same county institution. Section 21.1(a) provides that, in all other cases, the parolee must serve the new sentence before the backtime.

This court then held that Frankhouser may be entitled to credit on his backtime from January 18, 1990, the date Frankhouser was recommitted as a convicted parole violator, until his transfer to federal custody.

The dispute here is one of fact: When did Frankhouser begin serving his federal sentence, which then resolves the question of the amount of backtime already served.

Frankhouser argues that he is entitled to credit for backtime from January 18, 1990, until February 20, 1991, the date he was allegedly transferred to federal custody. The board asserts that Frankhouser is entitled to credit on his backtime from January 18, 1990 until November 8, 1990, because that date of the federal sentencing is the date from which the U.S. Bureau began giving credit toward the new federal sentence for the time spent in custody.

At the outset, we note that in *Bellochio v. Pennsylvania Board of Probation and Parole*, 126 Pa.Commonwealth Ct. 419, 559 A.2d 1024 (1989), this court held that a federal sentence takes precedence over backtime. However, § 21.-1(a) more accurately indicates that *any* sentence to be served in a non-state institution takes precedence over backtime. Moreover, *Bellochio* did not contemplate the possible scenario in this case that the parolee is serving a federal sentence in a state institution.

Title 18 U.S.C. § 3585 (1991) reads as follows:

Section 3585. Calculation of a term of imprisonment. (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

The commencement of a state sentence is determined by Pa.R.Crim.P. 1406(b), which states, in pertinent part, that "[a] sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge."

Our review of the record reveals that the judgment form indicating when Frankhouser was to surrender for service of the federal sentence and at which institution, as designat-

ed by the bureau, is blank. Furthermore, the portion of the judgment certifying that a U.S. Marshall delivered the defendant to a specified institution and the date of the delivery is also blank. Nothing in the record establishes when Frankhouser was transferred to federal custody, nor does the record establish that the bureau began crediting Frankhouser's federal sentence from the date of sentencing.

If Frankhouser is, in fact, serving his federal sentence in a state institution, § 21.1(a) requires that he serve his backtime first. If Frankhouser is serving his federal sentence in a non-state institution, then his federal sentence may not be running concurrently with his state sentence, and the federal sentence must be served before his backtime. Either way, the amount of backtime already served by Frankhouser cannot be determined without knowing when he was received in federal custody.

Accordingly, the board's decision is vacated and the case is remanded for a determination of the date Frankhouser began serving his federal sentence, and where, specifically, that sentence is being served.

## ORDER

NOW, April 23, 1992, the decision of the Pennsylvania Board of Probation and Parole dated March 20, 1991, which denied administrative relief from a parole revocation decision dated December 5, 1990, is vacated, and this case is remanded for a determination as to when and where the parolee began serving his federal sentence.

Jurisdiction relinquished.