**Pedro Louis SANTIAGO, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.

Decided Dec. 3, 2007.

---

Kent D. Watkins, Saint Clair, for petitioner.

Arthur R. Thomas, Asst. Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and COLINS, Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Pedro Louis Santiago (Santiago) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief by refusing to give him credit toward backtime on his Pennsylvania sentence for time spent in custody in a Pennsylvania State Correctional Institution for a Maryland sentence which was to run concurrent with outstanding or unserved sentences.

Santiago was originally sentenced in Pennsylvania in 1992 to four years, nine months to 10 years for possession with intent to deliver a controlled substance and given a maximum expiration date of April 17, 2003. He was paroled, but rearrested, recommitted and given a new maximum expiration date of May 2, 2004. He was again paroled, but then arrested in Maryland for possession of drugs. When he was released on bail, he returned to Pennsylvania only to be arrested again for drug possession and, as a result, recommitted to a state correctional facility as a technical parole violator. He was sentenced by the court to serve a nine-month to two-year sentence,[1] and the Board ordered him to serve 18 months backtime when available. Santiago remained in a Pennsylvania prison serving what he believed was his Pennsylvania sentence for approximately three years until he was returned to Maryland for prosecution on the charges arising from his arrest in Maryland. The Mary-

---

1. This sentence is not at issue.

land court gave him a sentence of four years which was to run "concurrent with any other outstanding or unserved sentence and begin on 02/17/02." [2] He was returned to Pennsylvania custody on October 24, 2004.[3] In sum, from 2001 to 2006, Santiago spent about two weeks in custody in Maryland and the rest of the time in prison in Pennsylvania.

Because of his Maryland conviction, the Board recommitted Santiago as a technical and convicted parole violator to serve 18 months backtime "when available." It calculated his new maximum term expiration as May 24, 2009, based on his original 10–year state prison sentence, giving him no credit for the time he spent in Pennsylvania prisons against his Pennsylvania time for time the Maryland court credited against his Maryland sentence. The effect of the Board's calculation of his maximum time was that it changed his Maryland

sentence from one that ran concurrently with all other time to one that ran consecutively with the backtime on his Pennsylvania sentence, the Maryland sentence being served first.[4]

Santiago, through his counsel, filed a petition for administrative review arguing that the calculation of his maximum date for his original 10–year state prison sentence improperly excluded time served in Pennsylvania, and it should be ordered that time be counted against his Maryland sentence that was ordered to run concurrently with his Pennsylvania sentence.[5] He argued that under the Maryland court order, the Board was required to give him credit for both sentences he was serving in a Pennsylvania State Correctional Institution rather than only for the time he served for the Maryland sentence.[6] The Board denied Santiago's request by letter dated June 26, 2006,[7] stating, in effect, that

2. The Maryland court credited him with 971 days for time served prior to, but not including, the date of the sentence from January 31, 2002, through June 1, 2004, and from June 18, 2004, through October 15, 2004.

3. On March 10, 2006, Santiago was returned to Maryland on a Governor's warrant to serve his new four-year Maryland sentence, but was released for time served from that sentence on March 14, 2006, and returned to Pennsylvania to serve out the remainder of his Pennsylvania sentence.

4. Section 21.1(a) of the Parole Act provides that backtime is to be served prior to the service of a new sentence in a state correctional institution, but is to follow the service of a new sentence outside the jurisdiction of the Department of Corrections.

5. Santiago also claimed that he should have been given credit for three months from December 11, 2000, to March 11, 2001, that he resided at the Kintock Center in Philadelphia, but he later withdrew that claim, and it is not at issue on appeal.

6. Santiago sought credit from November 21, 2003, through September 10, 2004; from Oc-

tober 24, 2004, through March 10, 2006; and March 17, 2006, through the present.

7. The Board stated the following in its letter: When your client was paroled on December 11, 2000, his max date was May 2, 2004, which left 1238 days remaining on his sentence. While on parole, he committed a new criminal offense(s) that was punishable by imprisonment and which resulted in a conviction(s). Based on this conviction(s), the Board had authority to recommit your client as a convicted parole violator. 61 P.S. § 331.21a(a). Upon his recommitment as a convicted parole violator, he forfeited credit for all of the time that he spent on parole, which means he still had 1238 days remaining on his sentence. He received 71 days of backtime credit for the period he was incarcerated from November 21, 2001 to January 31, 2002. Subtracting the 71 days of credit your client received from the time he had remaining results in a total of 1167 days remaining on his sentence. He became available to begin serving his backtime on March 14, 2006, when he was paroled on the new criminal charges. Adding 1167 days to that date yields a new parole violation maximum date of May 24, 2009.

it was not required to honor the Maryland court's order that its sentence was to run "concurrent with any other outstanding or unserved sentences" because Section 21.1(a) of the Probation and Parole Law (Parole Act)[8] mandated that sentences for crimes committed on parole had to be served consecutively with time remaining on original sentences. This petition for review by Santiago followed.[9]

Santiago contends that the Board erred by extending his maximum date because the Maryland court sentenced him to a term of imprisonment that was to run "concurrent with any time he served in Pennsylvania." Relying on *Walker v. Pennsylvania Board of Probation and Parole*, 729 A.2d 634 (Pa.Cmwlth.1999), he contends that the Board erred by not following the Maryland court's order that his Maryland sentence should run concurrent with all time spent in a Pennsylvania State Correctional Institution and violated the Full Faith and Credit Clause of the Pennsylvania Constitution.

In *Walker*, the parolee was released in Pennsylvania on parole from charges in the Commonwealth, but was arrested in Maryland on charges of battery, assault and reckless endangerment of another person. He posted bail and was released on the condition that he appear at a hearing in Maryland several months later. The Pennsylvania Board declared him delinquent on parole and detained him pursuant to a warrant for his arrest. He was recommitted as a technical parole violator at the state correctional facility to serve 18 months backtime. Eventually, Maryland obtained custody of him; he was taken back to Maryland for a hearing on his criminal charges; and he was convicted to serve five years with credit for all the time served since his arrest. He was returned to Pennsylvania, and the Board recommitted him as a convicted parole violator and

(Board's June 26, 2006 decision at 1.)

8. Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21a(a). That section provides:

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole ... The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed *shall precede the commencement of the new term imposed* in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

9. Our scope of review is limited to determining whether the Board's necessary findings are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Section 704 of the Administrative Agency law, 2 Pa. C.S. § 704.

recalculated his maximum sentence date without giving him credit for time served on his Maryland sentence. Noting that Section 21.1(a) of the Parole Act prohibited prisoners from serving sentences concurrently until their original sentence had been served, this Court, nonetheless, held that Walker was entitled to credit against his original sentence of his time served based on the provisions of the United States Constitution to give full faith and credit [10] to a judgment or judicial decree of a sister state.[11]

What we were trying to convey in *Walker* was that, even though Maryland's order that had the effect of allowing time to run concurrently with backtime was not permitted under Pennsylvania law, nonetheless, Section 21.1(a) did not permit the Board to change Maryland concurrent time to run consecutively with Pennsylvania time. We so held that it could not focus on the effect of the order because the Board did not have the power to determine if a Maryland court order was legal or illegal as the sentence was not imposed under the Pennsylvania Sentencing Code, but under the Maryland Sentencing Code for a crime committed in Maryland.

■ That does not mean, though, that one state is required to give full faith and credit to other state's criminal orders. As our Supreme Court of the United States stated in *Nelson v. George,* 399 U.S. 224, 229, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970),

"as a general rule criminal judgments are not entitled to full faith and credit because no State is bound to enforce the penal laws of another State or to punish a person for a wrong committed against it." In *Taylor v. Sawyer,* 284 F.3d 1143, 1153, n. 11 (9th Cir.2002), the United States Court of Appeals for the Ninth Circuit explained that:

> The reason is that each sovereign is free to determine what conduct shall be proscribed within its jurisdiction, and the wrong committed by violating such proscription is local and does not transcend the sovereignty. The United States Supreme Court has held that States can deny recognition to judgments issued by another State which assess penalties against a criminal defendant. *See e.g. Wisconsin v. Pelican Ins. Co.,* 127 U.S. 265, 290, 8 S.Ct. 1370, 32 L.Ed. 239 (1888) *overruled on other grounds by Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935). Applying this general rule, courts have held that a State need not give full faith and credit to another jurisdiction's directive that sentences run concurrently. *See People v. Alba,* 189 Misc.2d 258, 730 N.Y.S.2d 191, 199 (N.Y.Sup.Ct.2001); *Chalifoux v. Commissioner of Corr.,* 375 Mass. 424, 377 N.E.2d 923, 926 (1978); *Breeden v. New Jersey Dep't of Corr.,* 132 N.J. 457, 625 A.2d 1125, 1128–29 (1993).

---

**10.** U.S. Const. art. IV, § 1, provides, in relevant part:
> Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State.

**11.** The Board argues that *Vance v. Pennsylvania Board of Probation and Parole,* 741 A.2d 838 (Pa.Cmwlth.1999), holds that a parole violator sentenced to serve concurrent time in Pennsylvania must serve that time first without credit for his Pennsylvania time. Contrary to the Board's assertion, all that *Vance*

stands for is the well-settled proposition that one sentencing jurisdiction cannot tell another sentencing jurisdiction that time spent in its state prison will count against a sentence imposed by that other state. *Griffin v. Pennsylvania Department of Corrections,* 862 A.2d 152 (Pa.Cmwlth.2004), *affirmed,* 590 Pa. 651, 915 A.2d 639 (2007) (federal court has no power to direct that a federal sentence served in a federal prison shall run concurrently with a state sentence.)

■ Because full faith and credit does not apply, Pennsylvania was a stranger to the Maryland court order and had no duty or right to enforce it because that duty was solely vested in Maryland officials charged with that responsibility. All that the Board had the power to enforce was time imposed on a Pennsylvania sentencing order, not time imposed by another jurisdiction.

Moreover, to follow the Board's view that it can change concurrent Maryland time to run consecutively with Pennsylvania time would frustrate Pennsylvania courts from imposing sentences as provided for in the Sentencing Code. Section 9761(b) of the Sentencing Code, 42 Pa.C.S. § 9761(b), provides that Pennsylvania courts can count time spent in other prisons against Pennsylvania time, stating in relevant part:

> (b) **Sentences imposed by other sovereigns.**—*If the defendant is at the time of sentencing subject to imprisonment under the authority of any other sovereign, the court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence.* If the defendant is released by such other authority before the expiration of the minimum time imposed by the court, he shall be returned to a correctional institution of the Commonwealth to serve the time which remains of the sentence. If the defendant is released after the minimum time has elapsed, he shall be considered for parole on the same basis as a prisoner who has served his minimum time in a correctional institution of the Commonwealth. If the defendant is released after the maximum time imposed under the sentence of imprisonment he shall be deemed to have served his sentence. (Emphasis added.)

In *LeGrande v. Department of Corrections,* 894 A.2d 219 (Pa.Cmwlth.2006), where a state judge sentenced state time to run concurrently with federal time, we explained the practical implications of allowing a sentencing court to impose concurrent time, stating: "It permits a sentencing judge to partially shift the cost of confinement away from Pennsylvania, thereby attaining a salutary efficiency." *LeGrande,* 894 A.2d at 224. "The holding affords greater flexibility to a judge in the complex process of sentencing where multiple offenses against multiple sovereigns are involved. Also, such cases are usually further complicated by the unavailability of the offender. [It] ... allows a trial judge in the proper case to accept plea agreements and thereby expedite resolution of charges. The response to recidivism in the limited circumstances of contemporaneous sentences from multiple sovereigns is not to hamper the trial judge; rather, the remedy is for the Board to take failure on parole into account in determining backtime." *Id.* The Board's position that it cannot give credit frustrates all of those purposes; it increases the cost of confinement to Pennsylvania taxpayers because Pennsylvania now has to pay for incarceration for a Maryland sentence; it also frustrates the trial court's ability to fashion what it believes is an appropriate sentence, not to mention the "surprise" of criminal defendants who entered a plea conditioned upon the fact that the sentence was to run concurrently but was changed by the Board to run consecutive to other time.

Because the Board and Pennsylvania are strangers to the Maryland order, the Pennsylvania authorities had no authority to convert concurrent time to consecutive time to be served first before his Pennsylvania sentence. As a result, it failed to give Santiago credit for all time served on his Pennsylvania sentence. Accordingly,

the Board's order is reversed and the matter remanded to the Board to recalculate Santiago's maximum term expiration date for his Pennsylvania sentence based on the time served on his Maryland sentence, i.e., credit from November 21, 2003, through September 10, 2004; from October 24, 2004, through March 10, 2006; and March 17, 2006, through the present.

### ORDER

AND NOW, this *3rd* day of *December,* 2007, the order of the Pennsylvania Board of Probation and Parole dated January 8, 2007, is reversed and the matter remanded to the Board to recalculate Santiago's maximum term expiration date for his Pennsylvania sentence based on the time served on his Maryland sentence, i.e., credit from November 21, 2003, through September 10, 2004; from October 24, 2004, through March 10, 2006; and March 17, 2006, through the present.

Jurisdiction relinquished.

### DISSENTING OPINION BY Judge COHN JUBELIRER.

I respectfully disagree with the majority's conclusion that the Board erred in denying administrative relief and so must recalculate Santiago's maximum term expi-

---

1. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1—331.34a.

2. "Backtime" is a penalty imposed by the Board for a violation of parole. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa.Cmwlth. 38, 483 A.2d 1044, 1047 (1984). By definition, "backtime" is that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms and conditions of parole prior to being eligible to again apply for parole. *Id.* at 1047–48.

3. Section 21.1a(a) provides:

---

ration date based on the time served on his Maryland sentence. Therefore, I dissent.

Although the majority holds that Pennsylvania was *not required* to give full faith and credit to the Maryland sentencing order, it still concludes that the Board *was required* to carry out the Maryland sentencing order. Additionally, in reversing the Board, the majority holds that "Pennsylvania was a stranger to the Maryland court order and had no duty or right to enforce it because that duty was solely vested in Maryland officials charged with that responsibility. All that the Board had the power to enforce was time imposed on a Pennsylvania sentencing order, not time imposed by another jurisdiction." *Santiago v. Pennsylvania Board of Probation and Parole,* 937 A.2d 610, No. 85 C.D. 2007, op. at 615 (Pa.Cmwlth.Dec.3, 2007). However, in so holding, the majority does not recognize that the Board was merely following the mandates of what is commonly referred to as the Parole Act[1] in addressing the administrative review, which it is charged with doing. Specifically, Section 21.1a(a) of the Parole Act, 61 P.S. § 331.21a(a), mandates that sentences for crimes committed on parole must be served *consecutively* with time remaining on original sentences and that backtime[2] must be served *after* the service of a new sentence outside the jurisdiction of the Department of Corrections.[3] Based on

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been com-

this statutory mandate, the Board did not have the authority to credit Santiago's backtime with time spent incarcerated for a Maryland offense because Santiago was required to serve the Maryland sentence prior to being reentered to commence serving the state parole violation backtime.

The mechanics of the legislative scheme behind Section 21.1a(a) of the Parole Act demonstrates the General Assembly's intention to create a deterrent for those on parole not to commit any additional crimes by specifying that, if they do, their punishment will be **in addition to** their backtime. A parolee must serve backtime when he has violated his parole. This furthers the public policy of the parole system which is "the protection of the public's safety and the adequate supervision of the offender...." *Miller v. Pennsylvania Board of Probation and Parole*, 837 A.2d 618, 622 (Pa.Cmwlth.2003) (citing Section 1 of the Parole Act, 61 P.S. § 331.1.) If the punishment for the new crimes committed while on parole could be served concurrently with the unexpired term of the original sentence, there would be no additional punishment for the additional crimes, thus eliminating this deterrent. Moreover, if the majority were correct that a foreign jurisdiction could negate this Commonwealth's parole and sentencing scheme, it would run contrary to the General Assembly's intent behind enacting the Parole Act

by giving parolees a "get out of jail free card."

I do not disagree with the majority that Maryland may give credit to Santiago for time served on his Maryland sentence, regardless of whether such time was served in Maryland or in Pennsylvania. However, what Maryland cannot do is rewrite the laws of this Commonwealth to allow sentences for crimes committed on parole, regardless of the location, to run concurrently with Pennsylvania backtime that is served in Pennsylvania. That type of sentencing is clearly prohibited by the Parole Act.

I share the majority's concern that "[t]he Board's position that it cannot give credit ... increases the cost of confinement to Pennsylvania taxpayers because Pennsylvania now has to pay for incarceration for a Maryland sentence." *Santiago v. Pennsylvania Board of Probation and Parole*, 937 A.2d 610, No. 85 C.D.2007, op. at 615 (Pa.Cmwlth.Dec. 3, 2007). However, that is a concern which arises from the statutory scheme enacted by the General Assembly and, therefore, is not within this Court's authority to remedy. When creating the statutory authority that controls this case, the General Assembly presumably balanced those competing policies of deterrence and cost. It is, therefore, the General Assembly, and not this Court, that

pelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.... The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed *shall precede the commencement of the new term imposed* in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the

control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 P.S. § 331.21a(a).

must alter the balance of those competing policies and amend the statute, if they are to change.

Accordingly, I would affirm the Board's decision denying Santiago administrative relief.

President Judge LEADBETTER and Judge LEAVITT join in this dissenting opinion.

### DISSENTING OPINION BY Judge LEAVITT.

I join Judge Cohn Jubelirer's dissent but write separately to note my understanding of the limits placed upon the Parole Board when it imposes punishment upon a Pennsylvania parolee who violates the terms of his parole.

The Maryland sentencing order is not entitled to full faith and credit to the extent it violates the Pennsylvania Parole Act. On this point, both the majority and dissent agree.[1] The majority, inconsistently, goes on to give full faith and credit to the Maryland sentencing order. It does so by requiring the Board to give Santiago credit on his original Pennsylvania sentence for time spent in a Maryland prison because of a Maryland criminal charge. I agree with Judge Cohn Jubelirer that the Board lacks the authority to award Santiago credit in these circumstances. I also agree with her conclusion that the Board has authority to punish parole violators without interference from Maryland judges.

Nevertheless, the Board cannot extend the maximum length of Santiago's original Pennsylvania sentence for any reason. I believe requiring Santiago to serve the

time remaining on his original sentence together with his backtime is the maximum punishment that can be imposed by the Board for his violation of the terms of his Pennsylvania parole by committing a crime in Maryland. Once Maryland decides to return a parolee to Pennsylvania, the only sentence that parolee can serve is a Pennsylvania sentence.

I construe the Parole Act to allow the Board to punish a parole violator by requiring the parolee to serve the "new sentence" before serving his backtime.[2] However, I would limit the "new sentence" to whatever time is left on the parolee's original Pennsylvania sentence before the backtime service begins. This is because I do not believe there are any circumstances where a Maryland crime can be punished by time in a Pennsylvania prison.

Judge COHN JUBELIRER joins in this dissent.

---

1. In light of this agreement, the majority should overrule *Walker v. Board of Probation and Parole*, 729 A.2d 634 (Pa.Cmwlth.1999), which held otherwise.

2. This is a constructive "new sentence." It is equal to what the Maryland court ordered Santiago to serve but cannot exceed the number of days remaining on his original sentence.