IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner #DL4686    :
(a/k/a Alton D. Brown),    :
            Petitioner    :
    :
    v.    :  No. 374 M.D. 2019
    :
PA. Dept. of Corrections,    :
            Respondent    :  Submitted:  November 23, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                         FILED:  March 9, 2023

Petitioner Political Prisoner #DL4686 (a/k/a Alton D. Brown) (Brown), is an inmate currently incarcerated within our Commonwealth's prison system, has filed a petition for review (PFR) in our original jurisdiction, through which he asserts that Respondent PA. Dept. of Corrections (DOC) has unlawfully assessed medical treatment copays upon him. In response, DOC has filed preliminary objections, in which it argues that we should dismiss the PFR because we lack jurisdiction to consider Brown's claims and, in the alternative, because Brown has failed to state a viable claim for legal relief. Upon review, we sustain DOC's preliminary objection to our original jurisdiction over this matter and dismiss the PFR.

## I. Background

The relevant facts, as pled by Brown in his PFR, are as follows. Brown has been incarcerated since November 1997 and is currently held at State Correctional Institution (SCI) – Fayette. PFR ¶1. Over the course of his incarceration, Brown has

been diagnosed with, and received treatment for, chronic obstructive pulmonary disease; gastroesophageal reflux disease; Hepatitis C; migraine headaches; prostate cancer, and prostatitis. *Id.* ¶¶5-10. As a result, DOC has charged him copays and fees (collectively copays) to cover part of the cost of treatment, which has resulted in DOC deducting approximately $800, in total, from Brown's prison bank account. *Id.* ¶7. Brown is of the belief that the "chronic conditions" he suffers from render him legally exempt from copay assessments for the treatment he has received, but all of his administrative attempts to halt or reverse DOC's deductions from his account have been unsuccessful, including those he has pursued through DOC's internal prisoner grievance process. *Id.* ¶¶8-15, 18-21, 25.

As a result, Brown elected to file his PFR with our Court. Therein, he argues that DOC's copay assessments violate Subsections 3303(a) through (c) of the Correctional Institution Medical Services Act, 61 Pa. C.S. § 3303(a)-(c);[1] 37 Pa.

---

[1] These subsections read as follows:

> (a) Establishment.--The Medical Services Program is established in the department which shall include, but not be limited to, the provisions of this chapter. The program shall be a copay program requiring inmates to pay a fee to cover a portion of the actual costs of the medical services provided.
>
> (b) Fees.--
>
> > (1) The department shall develop by regulation a program for inmates which includes fees for certain medical services. The regulations shall provide for consistent medical services guidelines by specifying the medical services which are subject to fees, the fee amounts, payment procedures, medical services which are not subject to fees and fees applicable to medical emergencies, chronic care and preexisting conditions.
> >
> > (2) In addition to other medical services provided to the inmate, an inmate may be required to pay a fee for medical

**(Footnote continued on next page…)**

2

Code § 93.12(d)(16), which is part of DOC's administrative regulations;[2] Section 1.B.7. of the procedures manual contained in DC-ADM 820, which is DOC's policy statement regarding copayments for medical care;[3] and the 2018 supplement to SCI-Fayette's inmate handbook. *Id.* ¶¶16-17, 22-30. Accordingly, he requests an order in mandamus that directs DOC to charge him for medical care in a legally compliant manner, as well as injunctive relief restraining DOC from charging him copays relating to his "chronic conditions" and compelling DOC to reimburse him for the money it previously deducted from his prison account for such copays. *Id.*, Wherefore Clause.

---

services provided because of injuries the inmate inflicted upon himself or another inmate.

(c) Explanation of program.--Each inmate shall be advised of the medical services fees and payment procedures at the time of intake. An explanation of the program regulations shall be included in the inmate handbook.

61 Pa. C.S. § 3303(a)-(c).

[2] This Code subsection states that DOC will not charge fees to inmate for "[m]edication prescription subsequent to the initial medication prescription provided to an inmate for the same illness or condition." 37 Pa. Code § 93.12(d)(16).

[3] This part of DC-ADM 820 states that

The following medical services shall **not** result in a charge to the inmate:

. . . .

7. medical treatment for a chronic medical disease/illness requiring regular return and/or **continuous** visits, as specified by the medical provider[.]

DC-ADM 820, Procedures Manual § 1.B.7. (emphasis in original). DEP'T OF CORR., DC-ADM 004 (2009), https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/820%20Co-Payment%20for%20Medical%20Services.pdf (last visited March 8, 2023).

DOC responded to Brown's PFR by filing preliminary objections thereto, through which it asserts that we should dismiss the PFR for either of two reasons. First, DOC maintains that we have neither appellate nor original jurisdiction to consider Brown's claims. DOC's Br. at 7. Second, in the alternative, DOC argues that Brown has failed to state a viable claim for legal relief, because inmates do not have a constitutional right to free medical care while incarcerated. *Id.* at 8-11.

## II. Discussion

> In considering a demurrer, [such as those articulated by DOC,] we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom. *Aviles v. Dep't of Corr.*, 875 A.2d 1209 (Pa. Cmwlth. 2005). However, conclusions of law and unjustified inferences are not so admitted. *Griffin v. Dep't of Corr.*, 862 A.2d 152 (Pa. Cmwlth. 2004).
>
> In addition, courts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it. *Lawrence v. Dep't of Corr.*, 941 A.2d 70 (Pa. Cmwlth. 2007). It is not necessary to accept as true any averments in the complaint that conflict with exhibits attached to it. *Id.* A demurrer must be sustained where it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer. *Kretchmar v. Com*[.], 831 A.2d 793 (Pa. Cmwlth. 2003).

*Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

We agree with DOC that we lack original jurisdiction to consider the claims put forth by Brown in his PFR.[4] It is well settled that we do not have "original

---

[4] Brown does not invoke our appellate jurisdiction and, instead, states that "[t]his [PFR] is addressed [to] the Court's original jurisdiction[.]" PFR ¶1. As such, DOC's preliminary objection to our appellate jurisdiction is moot. We nevertheless note that, if Brown had sought herein to challenge the denials of his grievances regarding the copay assessments, we would have lacked appellate jurisdiction to consider that claim. *See Weaver v. Pa. Dep't of Corr.*, 829 A.2d 750, 751 **(Footnote continued on next page…)**

jurisdiction in a case not involving constitutional rights not limited by [DOC]." *Bronson*, 721 A.2d at 359. In other words, "[u]nless 'an inmate can identify a personal or property interest . . . not limited by [DOC] regulations and which has been affected by a final decision of [DOC]' the decision is not an adjudication subject to the court's review." *Id.* at 359 (quoting *Lawson v. Dep't. of Corr.*, 539 A.2d 69, 71 (Pa. Cmwlth. 1988)).

Brown emphatically denies that his claims are predicated upon constitutional authority, stating that "[DOC] . . . argues constitutional claims that are not raised in the [PFR], instead of addressing whether or not [he] is entitled to mandamus relief based on state law, rules[,] and regulations[.]" Brown's Br. at 6-7 (emphasis in original). To this point, Brown contends that a number of the cases DOC relies upon "are simply inapplicable to the facts of this case." *Id.* at 7. He insists that this is true because, in each of those cited cases, the petitioning inmate had asserted that their constitutional right to due process had been violated in various ways, whereas he only contends here that DOC has not adhered to the aforementioned statutory and administrative requirements. *Id.* Given these unmistakably clear admissions, we are constrained by precedent to conclude that Brown has failed to articulate a claim that comes within the scope of our original jurisdiction.[5]

---

(Pa. Cmwlth. 2003) (citing *Bronson v. Cent. Office Review Comm.*, 721 A.2d 357, 358-59 (Pa. 1998) ("[T]he Commonwealth Court does not have appellate jurisdiction over inmate appeals of decisions by intra-prison disciplinary tribunals, such as grievance and misconduct appeals.").

[5] We agree with Justice Wecht that, "[a] grievance process that does not preserve some access to a court of record, however strictly circumscribed, not only is constitutionally inadequate, but also undermines traditional notions of fairness and justice." *Benchoff v. Pa. Dep't of Corr.*, 185 A.3d 979, 981 (Pa. 2018) (Wecht, J., concurring). Indeed, as Justice Wecht has remarked,

> [s]ome route of access to a court of record is essential to the
> vindication of a meritorious legal claim. Any process that

**(Footnote continued on next page…)**

## III. Conclusion

In keeping with the foregoing analysis, we sustain DOC's preliminary objection to our original jurisdiction and dismiss Brown's PFR.[6]

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

_____

> categorically would deny judicial review of such a claim is not constitutionally adequate. Internal prison grievance processes and the manner of their operation raise substantial concerns about the adequacy and fairness of adjudications taking place therein.
>
> . . . .
>
> Absent any type of oversight from a neutral arbiter, which may provide unbiased consideration of potentially viable legal claims, may require the observance of fundamental procedural protections, and may fashion appropriate legal remedies, an internal dispute resolution process in which the same entity is both a litigant and the judge allows for the resolution of claims in a manner that elevates institutional priorities over the rights of a claimant.

*Brown v. Wetzel*, 177 A.3d 200, 210 (Pa. 2018) (Wecht, J., dissenting). Despite our concerns, though, regarding the limits that have been placed upon our jurisdictional authority to consider claims like the ones presented in this matter, we cannot disregard the clear Supreme Court precedent that dictates our disposition here.

[6] Given our disposition of this matter on jurisdictional grounds, it is unnecessary for us to address DOC's remaining preliminary objection.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Political Prisoner #DL4686    :
(a/k/a Alton D. Brown),     :
          Petitioner     :
                       :
     v.              :  No. 374 M.D. 2019
                       :
PA. Dept. of Corrections,     :
          Respondent    :

**O R D E R**

AND NOW, this 9th day of March, 2023, it is hereby ORDERED:

1.    Respondent PA. Dept. of Corrections' preliminary objection to our original jurisdiction in this matter is SUSTAINED;

2.    The petition for review filed by Petitioner Political Prisoner #DL4686 (a/k/a Alton D. Brown) is DISMISSED.

_____
ELLEN CEISLER, Judge