**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBBIE ROBINSON | : | |
| | : | |
| Appellant | : | No. 913 EDA 2020 |

Appeal from the PCRA Order Entered March 2, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000524-2017

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 30, 2020**

Robbie Robinson appeals, *pro se*, from the order, entered in the Court of Common Pleas of Chester County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we reverse and remand for further proceedings.

On April 27, 2018, Robinson entered a negotiated guilty plea to four counts of possession with intent to deliver (PWID).[1]  On that same day, the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. § 780-113(a)(30).  On January 14, 2016, in Coatesville City, Chester County, Pennsylvania, Robinson delivered 29 bags of heroin, weighing a total of 1.06 grams, to a confidential informant (CI) in exchange for United States currency.  On February 18, 2016, Robinson again delivered 40 bags of heroin, weighing 1.57 grams, to a CI in exchange for United States currency. On March 31, 2016, Robinson delivered 30 bags (in addition to loose powder) of heroin (weighing 1.5 grams), to a CI in exchange for United States currency.  Finally, on August 4, 2016, Robinson delivered 40 bags of heroin

court imposed consecutive sentences of 2½ to 5 years' incarceration on each count, for an aggregate sentence of 10 to 20 years' incarceration. Robinson was on parole at the time of the alleged offenses. Robinson did not file post-sentence motions or a direct appeal.

On April 12, 2019, Robinson filed a timely *pro se* PCRA petition alleging ineffective assistance of plea counsel[2] insofar as his attorney did not properly counsel Robinson on the law, and because Robinson did not receive the benefit of his bargained-for exchange. Specifically, Robinson alleged that his guilty plea was conditioned upon: (1) Robinson's new sentence running concurrently with his backtime[3] for his violation of parole; (2) the Commonwealth's agreement to "grant [Robinson] RRRI status"; (3) Robinson being housed in a prison close to home so that his mother, who is in declining health, could visit him more easily; and (4) Robinson's wife not being charged with any

_____

(weighing 1.4 grams) to a CI in exchange for United States currency. **See** N.T. Guilty Plea Hearing, 4/27/18, at 2-3. Additionally, police executed a search warrant on Robinson's home and vehicle in Coatesville City, Chester County, and recovered over $2,000 worth of suboxone, a nine-millimeter handgun with hollow-point bullets, and heroin, fentanyl, oxycodone, and cocaine. **Id.** at 4.

[2] Robinson's plea counsel, Mark J. Conte, Esquire, passed away on March 12, 2020.

[3] "Backtime is that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms and conditions of parole prior to being eligible to again apply for parole." **Santiago v. Pa. Bd. of Prob. and Parole**, 937 A.2d 610, 616 n.2 (Pa. Cmwlth. 2007) (citation and quotation marks omitted).

crimes related to the matter. *Id.* at 7. Robinson claims that the first three conditions have yet to be met. *Id.*

On April 30, 2019, the court appointed C. Curtis Norcini, Esquire, to represent Robinson throughout the PCRA proceedings. On August 28, 2019, Attorney Norcini sent Robinson a **Turner**/**Finley**[4] no-merit letter and filed a motion to withdraw. On September 17, 2019, Robinson filed an answer to Attorney Norcini's motion to withdraw, requesting that alternate counsel be appointed. On January 13, 2020, after conducting an independent review of the record, the court entered its notice of intent to dismiss Robinson's PCRA petition and grant counsel's motion to withdraw, after finding no genuine issues of material fact alleged in Robinson's petition. **See** Pa.R.Crim.P. 907. On February 4, 2020, Robinson filed an answer to the court's Rule 907 notice. The court then dismissed Robinson's petition and granted Attorney Norcini's request to withdraw on March 2, 2020. Robinson appealed *pro se*; both he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Robinson presents the following claims for our review:

(1)    Did the PCRA court err in dismissing without a hearing [Robinson's] claim that trial counsel failed to provide a full consultation regarding [Robinson's] decision to plead guilty where the advice counsel offered was unreasonable because it was legally deficient and cost [Robinson] his trial rights?

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) (established procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc) (same).

(2)    Did PCRA Counsel Norcini provide ineffective assistance by failing to do any investigation into the matters before issuing a no-merit letter and requesting to withdraw?

Appellant's Brief, at 6.

Our standard of review for the denial of a PCRA petition is well-settled:

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. We will not disturb the findings of the PCRA court unless there is no support for those findings in the record.

[In reviewing ineffective assistance of counsel claims, w]e presume counsel is effective. To overcome this presumption, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. A claim will be denied if the petitioner fails to meet any one of these prongs.

A criminal defendant's right to effective counsel extends to the plea process, as well as during trial. Under the PCRA, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. This is not a stringent requirement. The reasonable probability test refers to a probability sufficient to undermine confidence in the outcome.

**Commonwealth v. Velazquez**, 216 A.3d 1146, 1149-50 (Pa. Super. 2019)

(internal citations, quotation marks, and brackets omitted).

- 4 -

In his first issue, Robinson claims ineffective assistance of counsel insofar as his plea counsel informed him that the court could impose a sentence that would run concurrently with Robinson's backtime for his violation of parole. Appellant's Brief, at 12. Specifically, Robinson argues that his guilty pleas should be vacated and he should be permitted to go to trial where he would pursue a sentencing entrapment defense. *See* Appellant's Brief, at 13. With regard to the post-sentence withdrawal of a guilty plea,[5] we have previously said that:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (quoting *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (en banc)). Moreover, we have previously set forth the standard for evaluating the validity of a guilty plea:

> A valid guilty plea must be knowingly, voluntarily[,] and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain

---

[5] We note that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea. *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). Robinson challenges the validity of his plea; therefore, his claim is not waived.

whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) **the permissible ranges of sentences** and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. [**See** Pa.R.Crim.P. 590.] This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

**Id.** (emphasis added; internal citations and quotation marks omitted).

Additionally, "[i]n order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and **its consequences**. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea." **Commonwealth v. Myers**, 642 A.2d 1103, 1105 (Pa. Super. 1994) (emphasis added; citation and quotation marks omitted). Finally, we note that "[t]he law does not require that a defendant be pleased with the outcome of his decision to enter a plea of guilty. All that is required is that the defendant's decision to plead guilty be knowingly, voluntarily[,] and intelligently made." **Id.**

In reviewing the validity of a guilty plea, we are cognizant that our Supreme Court has previously emphasized the solemnity surrounding the entry of such a plea:

A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal

- 6 -

intent. He acknowledges the existence of the facts and the intent. The facts that he acknowledges may or may not be within the powers of the Commonwealth to prove. However, the plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.

*Commonwealth v. Anthony*, 475 A.2d 1303, 1307 (Pa. 1984).

To support his argument, Robinson cites to our decision in *Commonwealth v. Kelley*, 136 A.3d 1007 (Pa. Super. 2016), wherein this Court vacated the appellant's guilty plea because it was not entered knowingly, intelligently, and voluntarily. *Id.* at 1014. In *Kelley*, the defendant entered his guilty plea in exchange for a definite sentence with a specific start date, to be run concurrently with the defendant's backtime. *Id.* at 1011-12. The *Kelley* Court found that that provision of the plea agreement was in clear contravention of the dictates of 61 Pa.C.S.A. § 6138(a)(5)(i) and amounted to an illegal sentence.[6] *Id.* This Court concluded that defendant's plea was invalid due to plea counsel's ineffectiveness for advising him to accept a plea bargain that called for an illegal sentence. *Id.* We found that defendant "entered his plea on the advice of plea counsel whose knowledge

---

[6] Section 6138 states in relevant part:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed . . . **shall precede** the commencement of the new term imposed . . . [i]f a person is paroled from a State correctional institution and the new sentence imposed . . . is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i) (emphasis added).

of the Parole Act was deficient and fell below the range of competence demanded of attorneys in criminal cases." ***Id.*** This Court also found persuasive that neither the Commonwealth nor the court advised defendant that his negotiated sentence could not be honored as stated or imposed. ***Id.***

Here, Robinson's written guilty plea colloquy states that, "The Commonwealth **is not opposed** to the defendant's state parole violation being run concurrent to the sentence on 524-17."[7] Written Guilty Plea Colloquy, 4/27/18, at 3 (emphasis added). Further, at Robinson's guilty plea hearing, the Commonwealth stated, "It is obviously, as your Honor knows, a very healthy sentence. This will give [Robinson], even though he's on state parole **and the other caveat of agreeing to run it concurrent, that's up to the Department of Corrections. It's simply a recommendation to them.**" The PCRA court explained its ruling with regard to this issue in the opinion accompanying its Rule 907 notice, stating that Robinson

> was therefore, apprised both in writing and orally, that the Commonwealth was only **recommending** that he would serve a concurrent parole violation sentence, not **guaranteeing** it— especially since the **discretion to do so** lies with the Pennsylvania Board of Probation and Parole. Moreover, the court apprised [Robinson] of the potential parole consequences of his guilty plea:
>
> THE COURT: You are currently on probation or parole, is that right? Is it Pennsylvania State parole?
>
> MR. ROBINSON: Yes.

---

[7] The trial court docket relating to Robinson's instant appeal is listed in Chester County at No. 524 of 2017.

> THE COURT: Do you understand that by entering these guilty pleas that may very well result [in] your being found in violation of your existing state parole and **may result in the imposition of an additional penalty** in that case or those cases?
>
> MR. ROBINSON: I understand.
>
> []N.T. [Guilty Plea Hearing,] 4/27/18, [at] 8-9[].
>
> **Even if counsel had incorrectly guaranteed him that his parole would run concurrent to this sentence, [Robinson] was specifically advised by both the Commonwealth and the court that pleading guilty may have adverse consequences on his parole. Having been so advised, [Robinson] nevertheless chose to enter a plea.**

Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1), 1/13/20, at 1 n.1 (emphasis added and in original).

Here, we find that under the totality of the circumstances, *Myers*, *supra*, Robinson **did not** enter his plea knowingly, intelligently, and voluntarily. *See Kelley*, *supra* at 1013. Our review of the record demonstrates that, based on the notation in the written guilty plea colloquy, the Commonwealth's attorney's statements at the guilty plea hearing, and the court's analysis in its Rule 907 opinion, Robinson believed that the Parole Board had **the discretion** to run Robinson's new sentence and his backtime concurrently. It does not. *See* 61 Pa.C.S.A. § 6138(a)(5)(i); *see also Kelley*, *supra* at 1013 (citing *Lawrence v. Pennsylvania Dept. of Corrections*, 941 A.2d 70, 73 (Pa. Cmwlth. 2007) ("Imposition of a new state sentence concurrent with parolee's backtime on the original state sentence is an illegal sentence under this statute.")). Here, the Commonwealth, the trial court, and Robinson's plea counsel all contributed to Robinson's false

assumption that his new sentence and backtime could be run concurrently. We find that, under the totality of the circumstances, *see Myers*, *supra*, Robinson was neither fully aware of the "permissible ranges of sentences," *see* Pa.R.Crim.P. 590 cmt., nor of the "consequences" his plea connoted. *See Myers*, *supra*. *See also Commonwealth v. Barbosa*, 819 A.2d 81, 82 (Pa. Super. 2003) (where defendant is either misinformed or not informed as to maximum possible sentence, and misinformation or lack of information was material to decision to accept negotiated guilty plea, manifest injustice is established and plea may be withdrawn). We note that the PCRA court should have discovered that Robinson's plea called for the recommendation of an illegal sentence when it conducted its independent review of the record. *See* Pa.R.Crim.P. 907(1).

Moreover, we find plea counsel was ineffective for advising Robinson to bargain for and accept a plea deal that called for recommendation of the imposition of an illegal sentence.[8] *See Kelley*, *supra* at 1014 ("[P]lea counsel was ineffective for advising Appellant to accept a plea bargain that called for an illegal sentence."). Finally, we find that the court's warning to Robinson regarding the **possibility** of "additional penalties," *see* N.T. Guilty Plea

---

[8] Even if Robinson was aware that **a recommendation** to the Parole Board was the best he could receive, plea counsel's "knowledge of the Parole Act was deficient and fell below the range of competence demanded of attorneys in criminal cases," *see Kelley*, *supra* at 1014, because the Parole Board **never** had the power to order that Robinson's sentences be run concurrently in this case. *See* 61 Pa.C.S.A. § 6138(a)(5)(i).

Hearing, 4/27/18, at 8-9, could not have properly apprised Robinson that his **sentences** were **required** to be run consecutively. Consequently, Robinson's entry of his guilty pleas was not knowing, intelligent, and voluntary. ***See Velazquez***, ***supra***. We, therefore, reverse the order denying PCRA relief, vacate the judgment of sentence, and remand to the PCRA court for further proceedings consistent with this memorandum.[9]

Order reversed, judgment of sentence vacated, case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/20

---

[9] Because we find Robinson's guilty plea invalid, we need not address the other arguments raised in this appeal.

- 11 -